UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#21(12/01 hrg off)

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7337 PSG (Ex) | Date | November 21, 2014 |
|---|---|---|---|
| Title | Brian Sherrill v. G&K Services, Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order GRANTING Motion to Remand

     Before the Court is Plaintiff Brian Sherrill's ("Plaintiff") motion to remand. *See* Dkt. # 21. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion.

I.     <u>Background</u>

     Plaintiff alleges that he was employed by Defendants G&K Services, Inc. ("G&K") and Dustin Dessero ("Dessero") (collectively, "Defendants") as a truck driver for ten years before being terminated on August 9, 2013. *See* Compl. ¶ 6.

     Plaintiff developed a left knee injury from work activity around July 2011 then placed Defendants on notice of the injury and made a Worker's Compensation claim. *Id.* ¶ 8-10. Around December 2011, Plaintiff's "Supervisor"[1] told Plaintiff that he was "getting up in age" and "should consider another job." *Id.* ¶ 12. Unrelated to his knee injury, in July 2013, Plaintiff requested leave in order to care for his wife who had been diagnosed with breast cancer. The following month, on August 9, 2013, Defendants terminated Plaintiff for the "false and/or exaggerated and/or pretextual reason(s)" of "customer complaints" regarding Plaintiff. *Id.* ¶ 14. When Plaintiff was terminated, he was 49-years-old and had a left knee disability. *Id.* ¶ 7.

     Plaintiff alleges that Defendants published, disseminated, and communicated with "a group of people" that Plaintiff was being terminated for "customer complaints." *See id.* ¶ 117.

---

[1] The identity of this Supervisor is unclear from the face of the complaint and the Motion does not attribute this statement to Dessero.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7337 PSG (Ex) | Date | November 21, 2014 |
|---|---|---|---|
| Title | Brian Sherrill v. G&K Services, Inc., *et al.* | | |

On August 7, 2014, Plaintiff filed this lawsuit in Los Angeles Superior Court asserting claims against Defendants for (1) harassment, discrimination, and retaliation because of age and a physical disability (Cal. Gov. Code §§ 12490, *et. seq.*); (2) harassment, discrimination and retaliation (Cal. Gov. Code §§ 1245.2, *et. seq.*); (3) perceived or age discrimination harassment, discrimination, or retaliation (Cal. Gov. Code §§ 12940, 12941; (4) unsafe workplace (Cal. Labor Code §§ 232.5, 6310, 6400, *et. seq.*); (5) violation of the whistleblower statute (Cal. Labor Code §§ 1102.5, *et. seq.*); (6) retaliation and wrongful termination in violation of public policy; (7) declaratory relief; (8) defamation; and (9) intentional infliction of emotional distress ("IIED"). *See* Dkt. # 1. In the complaint, Plaintiff asserts these nine claims against both Defendants. *Id.*

On September 19, 2014, Defendants filed a notice of removal to this Court on the basis of diversity jurisdiction, arguing that Dessero is a sham defendant that has been fraudulently joined. *Id.* The complaint does not make allegations against Dessero specifically, but only references "Defendants" throughout. *Id.* According to Defendants, Dessero is the Los Angeles Branch Manager for G&K. *Removal* ¶ 19. He was not Plaintiff's direct supervisor, but Plaintiff's direct supervisor reported to Dessero. *Id.*

Plaintiff now brings this motion to remand the case back to state court. *See* Dkt. # 21.

II.   Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a).

If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7337 PSG (Ex) | Date | November 21, 2014 |
|---|---|---|---|
| Title | Brian Sherrill v. G&K Services, Inc., *et al.* | | |

III.  Discussion

Although both Plaintiff and Dessero are citizens of California, destroying complete diversity, Defendants argue that Dessero is a "sham" defendant and that his citizenship should be disregarded for the purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332. *See Removal* ¶¶ 19-21. If the Court were to disregard Dessero's citizenship, the citizenship aspect of diversity would be satisfied because G&K, the only other Defendant, is a Minnesota citizen. *See id.* ¶¶ 14-18.

The citizenship of a "sham" defendant may be disregarded for purposes of diversity jurisdiction pursuant to the doctrine of fraudulent joinder. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Archuleta v. Am. Airlines, Inc.,* No. 00-CV-1286- MMM (SHx), 2000 WL 656808, at *4 (C.D. Cal. May 12, 2000). Joinder of a non-diverse defendant is fraudulent where the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Mercado v. Allstate Ins. Co.,* 340 F.3d 824, 826 (9th Cir. 2003). "Merely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder." *Rico v. Jones Lang Lasalle Americas, Inc.*, No. CV 14-1322 GHK (JEMx), 2014 WL 1512190, at *2 (C.D. Cal. April 16, 2014). Rather, in assessing whether a plaintiff has failed to state a cause of action against a resident defendant, the court must determine "whether there is a possibility that" he or she may do so. *Id.* (citations omitted); *accord Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 ("If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.") (quoting *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1299 (11th Cir. 2007)). There is a general presumption against fraudulent joinder, and fraudulent joinder must be shown by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.,* 494 F.3d 1203, 1206 (9th Cir. 2007).

Although courts typically "look only to a plaintiff's pleadings to determine removability…[w]here fraudulent joinder is an issue, [courts] will go somewhat farther. The defendant seeking removal to the federal court is entitled to present facts showing the joinder to be fraudulent." *See Ritchey*, 139 F.3d at 1318 (9th Cir. 1998) (internal quotations omitted). However, that factual inquiry is only appropriate when the court is "look[ing] to whether the plaintiff truly had a cause of action against the alleged sham defendant…not…whether those defendants could propound defenses to an otherwise valid cause of action." *Id.* "In other words, when the defense is exogenous to the cause of action itself, it will not turn a state action into a federal one." *Id.* at 1319.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7337 PSG (Ex) | Date | November 21, 2014 |
|---|---|---|---|
| Title | Brian Sherrill v. G&K Services, Inc., *et al.* | | |

Plaintiff's complaint indiscriminately asserted all nine causes of action against both Defendants, but Plaintiff's motion to remand has seemingly cabined the claims, asserting only that Plaintiff has alleged actionable claims for defamation and IIED against Dessero. *See Mot.* 7:3-6. Accordingly, the Court will consider whether there is "any possibility" that Plaintiff may state a claim against Dessero for defamation or IIED. If any such possibility exists, the Court will remand this action to state court. In the event of remand, Plaintiff also asks for attorneys' fees and costs related to this motion. *Id.* at 16:7-19.

    A.    <u>Defamation</u>

To state a claim for defamation under California law, a plaintiff must allege: (1) publication of a statement, (2) which is false, (3) defamatory, (4) unprivileged, and (5) either has a natural tendency to injure or causes special damages. *See Sanders v. Walsh*, 219 Cal. App. 4th 855, 862 (2013). According to Plaintiff, the conduct underpinning this claim is that Dessero told an unspecified group of people that Plaintiff was terminated from G&K due to customer complaints. *See Mot.* 8:13-15. Defendants argue that there is no possibility that Plaintiff could state a defamation claim against Dessero because (1) his statements are protected by California privilege law and/or (2) the allegations do not satisfy the standard for a defamation claim. *See Opp.* 7:23-8:3.

        i.    *Privileges*

An employer has a privilege to communicate, without malice, with persons who have a "common interest" in the subject matter of the communication. Cal. Civ. Code § 47(c); *see Manguso v. Oceanside Unified School Dist.*, 153 Cal. App. 3d 574, 580 (1984) (an employer's communication regarding the qualifications of a teacher/employee directed to prospective employers is subject to a qualified privilege); *see also King v. United Parcel Serv., Inc.*, 152 Cal. App. 4th 359, 440 ("because an employer and its employees have a common interest in protecting the workplace from abuse, an employer's statements to employees regarding the reasons for termination of another employee generally are privileged"). While Dessero's communication about the reasons for Plaintiff's termination would likely be covered by the common interest privilege so long as Dessero was speaking to Plaintiff's prospective employers or G&K employees, the identities of the recipients of the information are not evident from the face of the complaint. Plaintiff alleges that Dessero made his statement to "a group of people." *Compl.* ¶ 117. In Plaintiff's motion, he reaffirms the broad nature of his pleading, saying that he "has not alleged that the defamatory statement was limited to Defendant employees, and in fact has alleged the opposite." *See Mot.* 9:25-26. Under Plaintiff's characterization of Dessero's actions, it is possible that Dessero communicated with people who were not interested in the subject matter of the communication as contemplated by Cal. Civ. Code § 47(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7337 PSG (Ex) | Date | November 21, 2014 |
|---|---|---|---|
| Title | Brian Sherrill v. G&K Services, Inc., *et al.* | | |

  However, when analyzing fraudulent joinder, the Court is not necessarily limited consideration of Plaintiff's pleadings, rather, "the defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *See Ritchey*, 139 F.3d at 1318 (citations omitted). But consideration of Defendants' additional facts is only appropriate when the cases "look[] to whether the plaintiff truly had a cause of action against the alleged sham defendants" not "whether those defendants could propound *defenses* to an otherwise valid cause of action." *See id.* (emphasis added). The Notice of Removal included a declaration by Dessero stating that any comments that he made concerning Plaintiff's performance have been with G&K human resources employees or Plaintiff's direct supervisor at G&K, and only when necessary to discuss Plaintiff's work performance or termination of employment. *See Opp.* 10:14-17; Dessero Decl. ¶ 4. This factual showing appears to be precisely the propounding of defenses to an otherwise valid cause of action that the Ninth Circuit counseled against. While the *Ritchey* court did indicate that it would be appropriate to consider a defendant's facts to determine whether a wrongful discharge claim could be stated against a manager for the act of firing, that situation is distinguishable because there, Plaintiff brought a claim against a manager that should properly have been directed against the company. *See Ritchey*, 139 F.3d at 1318 (discussing a case where the court "looked to whether the plaintiff truly had a cause of action against the alleged sham defendant[]"). However, here, the defamation cause of action is not more appropriately brought against G&K, rather, it is a tort asserted against the alleged speaker, Dessero, and Defendants' attempt to establish that the communications were privileged is the "propound[ing] of a defense to an otherwise valid cause of action." *Id.* Accordingly, the Court will not use Dessero's declaration to effectively rule on the merits of Plaintiff's defamation claim and so "turn a state action into a federal one." *Id.* at 1319.

  Alternatively, Defendants argue that the "manager's privilege" of agency law protects Dessero from liability for his statement regarding Plaintiff's firing. *See Opp.* 11:5-12:1. In the employment context, a manager is "privileged to induce the breach of an employment contract between his employer and employee." *See L.A. Airways, Inc. v. Davis*, 687 F.2d 321, 326 (1982); *see also Bains v. Blockbuster*, Inc., at *4 (E.D. Cal. Nov. 25, 2008) (citing *Kacludis v. GTE Spring Commc'ns Corp.*, 806 F.Supp. 866, 872 (N.D. Cal. 1992) (the privilege "protects a manager's right to manage personnel (including hiring and firing) without fear of independent liability, unless such actions were for the benefit of the individual"). This alternative attempt to establish privilege is also a defense to a defamation claim brought against the speaking individual; therefore, Defendant cannot appeal to this defense to discredit the cause of action at this stage in the litigation. Further, the Court notes that the privilege is unlikely to apply because Plaintiff does not allege that Dessero's statements were aimed at inducing G&K to terminate Plaintiff's contract, rather, they were after-the-fact explanations of why Plaintiff had been fired.

  ii. *Sufficiency of Pleading*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7337 PSG (Ex) | Date | November 21, 2014 |
|---|---|---|---|
| Title | Brian Sherrill v. G&K Services, Inc., *et al.* | | |

Defendants also argue that there is no possibility that Plaintiff could state a defamation cause of action against Dessero because the allegations do not satisfy the standard for a defamation claim. *See Opp.* 8:1-2. As stated above, the elements of defamation in California are: (1) publication of a statement, (2) which is false, (3) defamatory, (4) unprivileged, and (5) either has a natural tendency to injure or causes special damages. *See Sanders*, 219 Cal. App. 4th at 862. The Court reiterates that "[m]erely showing that an action is likely to be dismissed against the alleged sham defendant does not demonstrate fraudulent joinder." *Rico*, 2014 WL 1512190, at *2.

In opposition to the motion to remand, Defendants argue (1) that the allegation about the statement was not specific enough because it did not identify the time, place, or recipients of the statement so as to put Defendants sufficiently on notice of the claim, and (2) the statement was an opinion, not a fact, so it cannot give rise to a defamation claim. *See Opp.* 8:4-9:26. Regarding the specificity argument, the Court concludes that the allegation is sufficient to establish the possibility of Dessero's liability for defamation. "Whether [] allegations are too vague to survive the pleadings stage is properly addressed in a motion to dismiss, not an application to remand." *See Hernandez v. First Student*, Inc., No. CV 10-8243 SVW (FMOx), 2010 WL 5313293, at *4 (C.D. Cal. Dec. 16, 2010) (holding that assertions that defendant "communicated and relayed false and defamatory statements to other persons" and "made statements to others that [Plaintiff] had committed multiple crimes" were sufficient to survive a fraudulent joinder attack premised on a defamation claim). Moreover, the Court disagrees that Dessero's statement was an opinion rather than a statement of fact. Dessero allegedly told people that Plaintiff was fired because customers complained about him; this statement conveys the factual information that Plaintiff was terminated because customers complained about him, not the subjective observations typically found in a job performance evaluation. *Cf. Jensen v. Hewlett-Packard Co.*, 14 Cal. App. 4th 958, 971 (1993).

The Court holds that Defendants have not carried their burden of demonstrating that there is no possibility that Plaintiff could state a defamation claim against Dessero. Based on this finding, the Court does not need to examine Defendants' arguments pertaining to IIED. Defendants have not established that Dessero was fraudulently joined to this case; therefore, the Court will not disregard Dessero's citizenship for the purposes of diversity jurisdiction analysis. Because Plaintiff and Dessero are both citizens of California, the case lacks complete diversity and must be remanded.

**B.** <u>Attorneys' Fees</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7337 PSG (Ex) | Date | November 21, 2014 |
|---|---|---|---|
| Title | Brian Sherrill v. G&K Services, Inc., *et al.* | | |

Plaintiff claims that he is entitled to an award of attorneys' fees and costs associated with the preparation of this motion to remand because Defendants "improvidently removed" the case. *See Mot.* 16:7-11. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expense, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*; *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Although ultimately unsuccessful, the Court does not believe that Defendants' arguments were "objectively unreasonable" to the extent necessary to warrant imposition of attorneys' fees. *See Lussier*, 518 F.3d at 1065 (noting that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"). Defendants' arguments discrediting Plaintiff's ability to ultimately state claims against Dessero, particularly when coupled with Defendants' attempted factual showings, were sufficiently complicated to warrant denial of an attorneys' fees request. Accordingly, the Court denies Plaintiff's request for attorneys' fees and costs incurred as a result of Defendants' removal.

IV.     Conclusion

For the foregoing reasons, the Court GRANTS the motion to remand.

**IT IS SO ORDERED.**